IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY SPENCER,

                                                                   ORDER

                    Petitioner,

                                                      08-cv-017-bbc

     v.

STATE OF WISCONSIN, STUART
SCHWARTZ and NEW LISBON
CORRECTIONAL INSTITUTION,

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for declaratory and injunctive relief, petitioner contends that a suit that he has brought in state court should proceed in this court. He has requested leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and has paid the $0.85 initial partial filing fee.

      Petitioner titles his pleading "Cival [sic] Case 07-CV-3458 Defendants are Manufacturing Iminant [sic] Danger to me and Interupting [sic] Case Files and Evidence I seek Un Bias [sic] Protection For." Although it is far from clear exactly what petitioner is seeking in this "complaint," it appears that he seeks to remove his state court case to federal court or to have this court intervene on his behalf in state court. Petitioner describes allegations and evidence that he has asserted in his state lawsuit and describes his filing as

Dockets.Justia.com

a "motion to make Wisconsin lose authority over itself" because he "doubt[s] a fair trial is likly [sic]." Since the initial filing, petitioner has filed a motion for appointment of counsel, dkt. #3, and several documents supporting his complaint and motion, dkts. ## 5-10.

I turn first to petitioner's pleading. To the extent petitioner is seeking removal, the petition must be denied because removal is improper. When it clearly appears from the face of a petition and any attached exhibits that the petition for removal should not be granted, a court must summarily dismiss the petition. 28 U.S.C. § 1446(c)(4). Only "the defendant or defendants" in a state action may remove the case to federal court. 28 U.S.C. § 1441; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941) (a state court plaintiff may not remove to federal court). Because petitioner is the plaintiff in his state court proceedings, his request for removal must be denied.

To the extent petitioner is asking this court to intervene in his state court proceedings, this court cannot grant him relief. As a general rule, district courts are required to abstain from issuing injunctions against ongoing state court proceedings. Younger v. Harris, 401 U.S. 37 (1971) ("the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"). If petitioner believes that his rights are being violated in the context of his state court case, he may raise his concerns with Judge Deininger or file an appeal in state court. However, petitioner may not make an end run around the state judicial process (that *he* initiated) by filing an action in

2

federal court. General Auto Service Station LLC v. City of Chicago, 319 F.3d 902, 904 (7th Cir. 2003) (abstention generally proper in cases in which party has opportunity to raise constitutional arguments in state court).

Because petitioner has adequate opportunities to raise his federal concerns in state court, his request for leave to proceed in forma pauperis in a suit seeking to enjoin state court proceedings will be denied. In addition, because petitioner's complaint must be dismissed, his motion for appointment of counsel will be denied as moot.

ORDER

IT IS ORDERED that:

1. Petitioner Larry Spencer's request for leave to proceed in forma pauperis is DENIED and this case is DISMISSED because this court lacks subject matter jurisdiction over petitioner's claims;

2. Petitioner's motion for appointment of counsel, dkt. #3, is DENIED as moot;

3. The unpaid balance of petitioner's filing fee is $349.15; this amount is to be paid in monthly payments according to 28 U.S.C. § 1915(b)(2);

4. 28 U.S.C. § 1915(g) directs the court to enter a strike when any claim in an action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." Because petitioner's action is dismissed entirely on the

3

grounds that this court lacks subject matter jurisdiction, a strike will not be recorded against petitioner under § 1915(g).

5. The clerk of court is directed to close the file.

Entered this 2nd day of April, 2008.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge